## GAMBLE v EVATT

### BOARD OF TAX APPEALS

No. 7909

Hugh Mc D. Ritchey, Cincinnati, for appellant.

Thomas J. Herbert, Attorney General, Columbus, Perry L. Graham, Asst. Atty. Gen'l., Columbus, for appellee.

## ENTRY

This cause and matter is before the Board of Tax Appeals as the successor of the Tax Commission of Ohio on an appeal filed by Cecil H. Gamble, executor and trustee under the last will and testament of Mary H. Gamble, deceased, from an order made by the Tax Commission under date of August 5, 1938, assessing as productive investments of the estate of Mary H. Gamble, deceased, for the tax year 1936, 4326 shares of no par common stock of Proctor and Gamble Company; which shares of stock were not returned for taxation by the executor for said year although said shares then stood in the name of the estate on the books of the said company.

This cause was heard on said appeal, on the original files of the Tax Commission relating to said assessments, on the stipulation of the facts in the case and on the briefs of counsel for the parties herein; and thereupon the cause was submitted to the Board of Tax Appeals.

The Board of Tax Appeals finds that on or about March 23, 1936, Cecil H. Gamble, who was named as executor and trustee in the last will and testament of Mary H. Gamble, deceased, filed, in his capacity as executor aforesaid, an intangible and personal property tax return for the year 1936 for and on behalf of said estate; in which tax return he listed as productive investments of said estate 18,781 shares of no par common stock of Proctor and Gable Company upon which, as set out in said tax return, a dividend of $1.75 per share had been paid during the year 1935. And in this tax return said executor set out in a note therein information to the effect that although 24,662 shares of the no par common stock of Proctor and Gamble Company then stood in the name of the estate of Mary H. Gamble on the books of said company, 5881 shares of stock were then held by him as trustee for others, and that of said 5881 shares thus held by him in trust (as therein stated) 4326 shares (here in question) were so held by him for certain minors, and that as to such shares no cash distribution of income had been made, but that such income was being accumulated for such minors. On audit of such tax return so made by the executor of said estate, the Tax Commission made a corrected assessment in and by which said 4326 shares of no par common stock of Proctor and Gamble Company were included as property of the estate of Mary H. Gamble, deceased, and assessed as productive investments on the basis of a dividend of $1.75 per share paid on such stock during the year 1935. From the assessment so made the executor filed this appeal.

The Board of Tax Appeals further finds that by the last will and testament of Mary H. Gamble, which was probated under date of January 16, 1929, following her death on January 5 in said year, there was devised and bequeathed to each of ten grandchildren of the testatrix, therein severally named, the sum of $25,000 with the further provision as to each of such bequests that "the income to be given them each year after they reach the age of eighteen, the principal to be paid them upon reaching the age of twenty-five years". As a provision applicable to each of the bequests above referred to, as well as to others made in this instrument, said last will and testament further directed that "any

124

of the above bequests of $10,000 or more may, at the option of my executor, be paid in such securities of my estate as he may select, valued as of the date of my death".

The board finds further that although the testatrix did not by her last will and testament devise or bequeath to Cecil H. Gamble as trustee any corpus or trust res with respect to the specific bequests to her grandchildren, above referred to, and, hence, ▇▇▇▇ ▇ there was no trust with respect to any of such bequests other than the general trust duty imposed by law upon the executor as such, **Fulton, Supt. v Gardiner, 127 Oh St 77, 80; Mathews, Admr. v Meek, 23 Oh St 272; in re. Estate of Mabel Crawford, 21 O. C. C. 554, 11 O. C. D. 605,** affirmed 68 Oh St 58, the executor on January 5, 1930, set over to himself as trustee, so named, 450 shares of Proctor and Gamble Company common stock for each of nine of the grandchildren, above referred to, who were then under the age of eighteen years, said 450 shares of stock being in each case of the value of $25,000 as of the date of the death of the testatrix; and thereafter as dividends were paid on such shares of stock such income was accumulated by said "trustee" and expended for the purchase of other shares of Proctor and Gamble Company common stock for each of such grandchildren. And at the same time said executor set over to himself as trustee 450 shares of such stock of like value for one of said grandchildren, who at that time was over the age of eighteen years, and who thereafter received the dividends on such shares of stock as the same were paid over by the company to said executor; and thereafter as other grandchildren successively arrived at the age of eighteen years, dividends on the shares of stock then held for them, respectively, were paid to such grandchildren as the same were received by the executor from said company, and such income was no longer used for the acquisition of other shares of stock for such grandchildren as had arrived at the age of eighteen years. And in this connection the board finds that on January 1, 1936, as of which date said executor filed his tax return for the estate of Mary H. Gamble, deceased, for the year 1936, and as of which date the assessment was made thereon for said year, an aggregate of 4326 shares of said stock was held in the manner aforesaid for seven of said grandchildren who were then each under the age of eighteen years; and as before stated herein, the Tax Commission on audit of the executor's tax return for the year 1936 included said 4326 shares of stock as a part of the estate of Mary H. Gamble, deceased, and assessed the same as productive investments of the estate for said year.

The board further finds that although the several transactions above referred to, in and by which the executor set over to himself as "trustee" shares of Proctor and Gamble Company stock in blocks of 450 shares each for the several grandchildren of Mary H. Gamble to whom bequests in money had been made in her last will and testament, as aforesaid, and the subsequent transactions whereby other shares of stock were acquired for such of said grandchildren as had not arrived at the age of eighteen years, were

all had without any order or direction of the Probate Court of Hamilton County, Ohio, in which said estate was being administered, the executor from time to time prior to January 1, 1936, filed accounts in said court in which such transactions were disclosed; all of which accounts were thereafter approved and confirmed by the court without any exception thereto having been filed. However, as to this the board finds as a matter of law ▆▆▆ ▆ that the several orders of the probate court approving and confirming said accounts filed therein by the executor of said estate as aforesaid, did not under §10506-40 GC, or otherwise bind or otherwise conclude the state with respect to the assessment of shares of stock or other property which were thereafter on January 1, 1936, a part of the estate of Mary H. Gamble, deceased. **Wasteney v Schott, Treas., 58 Oh St 410, 415; State ex rel. v Merrell, 126 Oh St 239, 246.** And the Board of Tax Appeals finding that said testatrix did not by her last will and testament authorize said executor to set over any of the shares of stock or other property as a corpus for the benefit of her said grandchildren or any of them with respect to the bequests in money made to them respectively, and finding further that said executor was ▆▆▆ ▆ not under the law authorized to set up such pretended trusts under himself as trustee, the board finds and determines that the 4326 shares of Proctor and Gamble Company stock here in question were on January 1, 1936, a part of the estate of Mary H. Gamble, deceased, and were properly assessed as productive investments of said estate. It does not appear that the 1555 shares of Proctor and Gamble common stock held on January 1, 1936, for such of the grandchildren of Mary H. Gamble as were of the age of eighteen years or more, were assessed as a part of said estate; nor is any question with respect to such shares of stock made on this appeal.

On the considerations above noted the assessment of the Tax Commission complained of in this appeal is hereby affirmed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals, this day taken, with respect to the above matter.

HARRY J. ROSE, Secretary.